Good morning. My name is Joel Freedman. I'm an attorney in Phoenix. I'm here on behalf of the appellant. Mr. Archambeault Appreciate the opportunity to appear before you because there is one issue that During my preparation for this argument appeared to me was not fully briefed that issue is a Comparison of the evidence that the ALJ relied on To create heard her version of mr. Archambeau's residual functional capacity and the job demands of the three occupations identified by the vocational experts In the record, dr. Bluth Testified that those jobs assembly worker quality control inspector and surveillance system monitor were Not sedentary but jobs where the person could sit or stand at their option But they were always doing something and they were allowed either to sit down or stand now This has to be in the context of an eight-hour workday If you look at dr. Maxwell's medical source statement from May 2003 which is page 200 of the excerpt 514 of the transcript dr. Maxwell only provided an option for a total of six hours sitting and standing three hours each we had focused on the 15 minutes at 15 minutes stand 15 minutes walk and Whether that in fact comported with the ALJ's Acknowledgement that mr. Archambeau would need to change position But the ALJ limited that to alternate sitting and standing if you look at dr. Maxwell's entire medical source statement though the bottom line is that the total of six hours Sitting and standing does not match up with the job demands as described by the vocational expert There's another issue That also was not fully briefed and that is That at no point during the hearing did the ALJ ever asked the vocational expert if his testimony was consistent With the job descriptions in the Department of Labor's Dictionary of Occupational Titles That is a mandatory obligation the court in Massachi Set out that this is not something that's optional It is mandatory the ALJ must ask a vocational expert when he testifies about jobs that are performed in Some unique way if that's consistent with what's in the DOT. There is absolutely no question from the ALJ about the vocational experts Description of the jobs three jobs, which he indicated were ostensibly sedentary But allowed the person to stand up it as well. I want to go back to your statement the doctor dr Maxwell only provided for a six-hour day three hours of sitting Three hours of standing, but he also rounded up for two hours of walking for an eight-hour day, correct? But the vocational experts description of the two to the three jobs did not Include any time walking around He said that the worker is quote doing something close quote and is allowed quote to either sit down or stand and quote that's at 262 of the excerpt and 618 of the transcript, but why is it inconsistent to include some measure of walking? Because he didn't testify that the jobs permitted the person or required the person to do anything That was performed while they were walking isn't walking more strenuous than sitting or standing. It's not an issue of the degree of Exertion required. It's an issue of the ability to stay in the work location, which is also something that dr Bluth testified and CFR on sedentary work Which says jobs are sedentary if walking and standing are required occasionally and other sedentary Criteria are met which includes a certain amount of walking and standing is often necessary um, I don't know if we're into a semantic dispute, but that doesn't sound inconsistent that's Regulatory definition with the evidence. Well, that's where Misaki and Social Security ruling 004p come into play the ALJ was required to ask the vocational expert at the hearing is your testimony Consistent with the dictionary of occupational titles if these jobs are sedentary Then one would assume that they are performed the way the regulations define sedentary work In fact, though the vocational expert was specific that these jobs did not require walking The ALJ did not offer that as an option And when I asked the vocational expert the question if the person needed to get up and move around for three to five minutes Periodically his testimony was the person would not be able to perform those jobs so I understand that dr. Maxwell gave a a description of work capacity totaling eight hours but the activities that the vocational expert identified as Critical to the performance of these specific jobs and remember we're outside any presumptions here. We're talking about specific evidence the Six hours total standing and walking does not match up with the VE's description of the job There's two other issues The ALJ found that mr. Archambault's testimony his description of his pain complaints was not credible that part of the case I believe has been fully briefed But I would also point out that the ALJ tried to cite to the fair versus bone case Her citation though omits material aspects of what the court in Fair and later in Verdigan and Benneke actually said and it's not just that there are certain daily activities that are inconsistent with pain complaints to Use that criterion to find a person not credible those activities have to make up a substantial part of the person's day and They have to represent activities that are transferable to a workplace the ALJ did not Explain and she is required to do so. She cannot just offer generalized statements Reasons for finding a person not credible there has to be a narrative discussion There has to be a specific explanation because there's no evidence that mr. Archambault is malingering in fact Three doctors testified or provided statements that his medical condition did in fact cause significant pain Go back to dr. Maxwell's medical source statement. Why would mr. Archambault have been limited to 15 minutes? Sitting standing and walking you've now been sitting for over 30 minutes Imagine if you had to get up halfway through that first oral argument you would have already been sitting Then you would be up potentially walking around Maybe that's something that you can do here But it is not something you can do as an assembly worker as a surveillance system monitor or a quality control inspector the third item that I wanted to bring to your attention is the ALJ's resolution of the question about miss Foreman's statement though claimants or plaintiffs sister There's a new case March 5 Bruce versus Astru which specifically Says that the ALJ must provide specific reasons germane to the witness why that person's testimony or statement does not Corroborate the person's credibility That's a restatement of existing law But it is just a new restatement, and I would appreciate the court's Consideration of that I have about a minute and 20 seconds, and I'd like to say that thank you Thank you Good morning, my name is Mark Wynn appearing for a fellow Michael day Astru And first going to the argument just briefed or just mentioned right now That's was not briefed at all before the district court or this court so that arguments waived the one regarding 004 P. Misaki and the vocational expert testimony and In any event the fact that when the ALJ questioned the VE ALJ asked the vocational expert to consider Jobs that would allow him to change position at will and as we discussed dr. Maxwell did in fact allow for eight hours of work and During those eight hours of work the claimant would be able to change position position at will and also We discussed also the reg 1567 404 which defines sedentary work by standing and walking Issues in conjunction Which makes sense because standing and walking Are part of the same act of being on your feet and There's no indication here that a claimant had to walk away or walk His own testimony. He even said that During the hearing he said He was asked whether or not he had to go up get up and go to make himself Feel better with his pain, but at the hearing he himself said no, I don't have to do that What I have to do is just position my body to make myself feel more comfortable So any argument that he has to actually walk to alleviate his pain isn't supported by the record And Actually at the hearing it was actually claimant's counsel and not claimant himself who first mentioned a need to walk away from the workstation And the ALJ's decision is based on the opinion of Claimant's longtime treating physician and surgeon. Dr. Maxwell and not only that opinion, but it's also supported by the fact that Claimant was evaluated by two other spinal specialists. Dr. Crandall, Dr. McClain and all those physicians Concluded that claimant could in fact perform a range of sedentary work Why didn't the ALJ have to give more weight to Dr. Glacey given that he's a pain management Specialist whereas Dr. Maxwell Is a surgeon so it's not an area of expertise and the regulations say that in weighing conflicting testimony The ALJ should give more weight to the specialist we would submit that in orthopedic spinal surgeon is also a specialist with regard to diagnosing pain treating pain and Diagnosed and also certainly how much pain a patient is in and Furthermore he had actually Dr. Maxwell had Had a longer treating relationship with the claimant having performed the surgery He had first Started seeing Dr. Maxwell in about March 2001 and had been his last assessment was dated May 2003 that's a two-year period and whereas As far as Dr. Glacey He had started treating claimants approximately January 2002 and rendered the opinion at April 2002 Dr. Maxwell had as well as being an expert in the field also had had added inside of knowledge and longitudinal Treatment of the claimant. He had actually been treating him before he stopped working and treated him thereafter after conducting the surgery as well Can I also ask you about the point of Posey counsel makes about the Daily activities, although he does report some daily activities in his his write-up He he conditions them all with I can only do these things with difficulty. I have to go and lie down I think his sister says yes lie down for a couple of hours or a couple of days after these activities Why is that enough under our case law to say that? To support the ALJ's adverse credibility determination Evaluating credibility. It's important to note that the ALJ found that Claimant did have serious limitations. He was limited to sedentary work which allowed him to alternate sitting and standing at will So in that context the activities that payment testified about the hearing Did give the ALJ reasonable reasonable cause to actually make the finding that It Compromises credibility. We should go into those one of the things he testified to in the ALJ mentioned was that he spent 20 to 30 minutes on the computer and That's that's a an activity which is somewhat consistent overall overall consistent with the ability to change position at will and the talk I was having with that credibility finding is you know in fair viva when we said, okay Well, if you could run a marathon, obviously you might be able to do certain kind of jobs, but when they look at your daily activities You know your the ability that you have during your daily activities has to translate into the job situation and and this gentleman You know, he said basically he could do some personal maintenance and that doesn't really translate into a job activity and he could do some minimum household chores, but it there didn't see anything in the record that would suggest somehow that His ability to do those without pain or to do them on a consistent basis or to do them, you know for any length of time Somehow translated into the job situation. Would you comment on that for this job situation? Which is a narrowed range of sedentary work Activities such as on being on the computer for 20 to 30 minutes Being able to walk even though he said walking was what increases pain for 20 to 30 minutes as well Translates as well and the fact that there was a session of him doing work that or activities which actually exceeded sedentary work say for example your guard work and the just Feeding the pets and other activities which have some level of sitting and standing and some lifting as well, whereas the ALJ found that this claimant had a very narrowed ability sedentary work which is lifting less than 10 pounds and The ability to do when he's at work changing position whenever he wanted to something he can't do during doing yard work. For example When I look at the his questionnaire The the yard vacuuming mopping yard work is in the list of what is the most difficult self-care activity for you to do and why? It says these are very difficult for him moving or carrying anything heavy Suggesting that these are things he can't do very very readily He says he did in fact do these and he said what he did say he wasn't sure to do these activities But one thing sedentary work which they already found the claimant could perform doesn't require any vacuuming or mopping or Cleaning it involves pretty much sitting down or standing up whenever you need to And that's what the be found that this claimant could perform so in this context and for this particular case of the data activities were connected and do have a an access to the findings and They did activities, but that wasn't the only thing that they already considered. They also she also considered the fact that three specialists did render an opinion that this claimant could perform sedentary work and also, there's They actually also found that there was some non non anatomic findings by some physicians as well and The reference the AIJ made were to Waddell's signs which generally refer to a pain which isn't isn't anatomic in origin and There's a case of Rosenbrock vs. Apfel where this court found that they actually can't consider such findings as well And besides looking at non anatomic findings looking at the opinion evidence looking at daily activities The AIJ also did consider the fact that looking at some of the Natural medical findings even though that can't be the one reason and it's not in this case. It can be a consideration we have evidence that There's some diagnostic imaging evidence that there wasn't any recurrent herniation on the spine There's some straight leg raising tests, which were negative as well from dr. Prandtl. That's a test for low back pain as well So This is a case where the AIJ's Evaluation of the evidence need only be reasonable. But here we have actually three spinal surgeons who are supporting the Ability to do sedentary work with ability to alternately sit and stand So we said that that's substantial evidence, which the AIJ could reasonably rely upon 80 Seconds the AIJ only relied on one doctor as The basis for her residual functional capacity determination. That was dr. Maxwell. Dr Crandall was a one-time examiner. Dr. Glacey and dr. Crane were treating physicians the suggestion that dr Glacey's five months was not enough is pretty silly when you think that dr. Maxwell Referred mr. Archambeau to dr. Glacey Dr. Glacey then said well, I don't really need to do this. Dr. Crane can do it. So here's two doctors that dr Maxwell was perfectly satisfied relying on to provide pain management There's no basis for criticizing their assessment of mr. Archambeau's abilities the issue about but was the ALJ were required to accept the views of Glacey and crane given what Maxwell and Crandall said No, she's not but if she's going to reject their opinions She needed to do a much better job of explaining why their opinions were worth We're entitled to less weight because the only reason she game gave the fact that they only had limited Time with mr. Archambeau or that dr. Crane was an internal medicine specialist Those are not sufficient, but don't the opinions of Maxwell and Crandall constitute substantial evidence Dr. Maxwell's opinion is that mr. But does it constitute substantial evidence? It constitutes substantial evidence in support of what he said and what he said is three hours sit Three hours stand in an eight-hour workday That is an issue a general issue general evidence that has been discussed throughout this entire case at the appeals council at the District Court and here the fact that we focused on the 15 minutes versus the three hours does not change the fact that these are This is evidence in the record These are issues that were brought to the court's attention and there was no waiver of that what if I might one last point The activities of daily living excerpt page 256 transcript 612 After the 20 30 minutes on a computer 20 to 30 minutes at the grocery store Mr. Archambeau testified I have to lie down or sit in a recliner That's not consistent with a work activity and if we're relying on mr. Archambeau's testimony Let's rely on all of it. Not just bits and pieces. Thank you. Thank you Council for your argument this morning the case of Archambeau versus a strew is submitted
judges: McKeown, Ikuta, Selna